SHIRLEY SULLIVAN

V.

J. BARBOUR RIXEY, ADMINISTRATOR OF THE ESTATE
OF LOUIS BRIGHTMAN, DECEASED

Record No. 900857

April 19, 1991

Present: All the Justices

*John W. Eppler (Bangel, Bangel & Bangel*, on brief), for appellant.

*J. Barbour Rixey (Rixey & Rixey*, on brief), for appellee.

JUSTICE WHITING delivered the opinion of the Court.

In this personal injury case, we decide whether a plaintiff can show the potential bias of two witnesses by requiring them to disclose that they were employed by or on behalf of the defendant's insurance company. One witness was presented by the plaintiff and the other by the defendant.

On October 31, 1987, Shirley Sullivan, a front-seat passenger in a car driven by Louis Brightman, was injured when Brightman lost control of the car and it struck the front of a house in Portsmouth. On November 21, 1988, Sullivan sued Brightman, who was insured by Colonial Insurance Company of California (Colonial). A short time before trial, Brightman died, and J. Barbour Rixey, administrator of Brightman's estate, was substituted as a party defendant.

At a jury trial, the plaintiff called the investigating officer, Dean Rodriguez, as a witness. Rodriguez testified on direct examination that Brightman told him he lost control of the car because the plaintiff "was arguing with him while driving [and] she grabbed his neck and started to shake him. He was trying to get her off him when he lost control of the vehicle and ran off the road and hit the front side of the house." When the plaintiff testified, she denied that they were arguing, and said that she could remember only that Brightman "had looked away" before the collision. The plaintiff further testified that Brightman later told her that "he had looked away and wasn't paying attention to what he

was doing. He saw [a] dog, and when he swerved, that's how he hit the house."

The plaintiff also called William T. Hawkinson as an adverse witness. Hawkinson was employed by Crittenden Adjustment Company, an insurance adjusting company that Colonial contacted to get a statement from Brightman. Hawkinson testified that Brightman told him that "at the time of the accident he had momentarily taken his eyes off the road, and when he looked back he lost control when he swerved to miss a dog." The trial court refused to permit the plaintiff to show Hawkinson's potential bias by inquiring into his employment.

Additionally, the plaintiff showed that Brightman pleaded guilty to a charge of reckless driving arising out of this accident.

As a part of the defendant's evidence, the administrator called Karen Artrip, an insurance adjuster for Colonial, who testified that Brightman had given her essentially the same account of events as that he had given Rodriguez. The trial court refused to permit the plaintiff to show Artrip's possible bias by asking her if she was employed by Brightman's insurer.

The jury returned a verdict for the administrator upon issues of negligence, contributory negligence, and damages. The plaintiff appeals the trial court's entry of judgment on the verdict.

█ A litigant ordinarily "has a right to establish facts and circumstances tending to show the interest, bias or prejudice of a hostile witness." *Highway Express Lines, Inc.* v. *Fleming*, 185 Va. 666, 672, 40 S.E.2d 294, 298 (1946). This principle permits evidence to be admitted, under certain circumstances, to show the bias of an insurance adjuster as the result of the adjuster's employment. *Id.*

The plaintiff argues that, under this rule, she should have been permitted to question both Hawkinson and Artrip about the nature of their employment. We disagree as to Hawkinson but agree as to Artrip.

█ Hawkinson, though called by the plaintiff as an adverse witness, was not a hostile witness; his testimony was favorable to the plaintiff. Therefore, the trial court properly refused to allow the matter of insurance coverage to be injected into the case by the plaintiff through examination of Hawkinson.

█ On the other hand, Artrip was called by the defendant and was a witness clearly hostile to the plaintiff. Under these circumstances, Artrip's potential interest, bias, or prejudice as the

result of her employment was not a collateral matter. It bore directly upon the weight to be given her testimony. Therefore, the trial court erred in refusing to allow the plaintiff to inquire into her employment. *Henning* v. *Thomas*, 235 Va. 181, 188-89, 366 S.E.2d 109, 113 (1988).

Accordingly, we will reverse the judgment of the trial court and will remand the case for further proceedings.

*Reversed and remanded.*